UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  CR-22-388-R |
| | ) | (CIV-24-1361-R) |
| MANUEL KEVIN DUTRA, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Before the Court is Defendant Manuel Kevin Dutra's pro se[1] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. No. 79]. Petitioner raises four grounds for relief, all of which are premised on arguments that he received ineffective assistance of counsel in violation of the Sixth Amendment. The government filed a response [Doc. No. 94] and the matter is now at issue.

### RELEVANT BACKGROUND

The federal grand jury returned an Indictment [Doc. No. 1] against Mr. Dutra for one count of possession of a firearm by a person convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9). The misdemeanor crime underlying this charge is Mr. Dutra's plea of guilty to a charge of domestic assault and battery in violation of Okla. Stat. tit. 21, § 644(C) in the District Court for Jackson County,

---

[1] Because Petitioner is proceeding pro se, the Court affords his materials a liberal construction but does not act as his advocate. *Merryfield v. Jordan*, 584 F.3d 923, 924 n.1 (10th Cir. 2009).

State of Oklahoma. *See State of Oklahoma v. Dutra*, CM-2015-0036 (Jackson Co. April 23, 2015); *see also* Doc. No. 42-4. Following his guilty plea to the state misdemeanor charge, Mr. Dutra received a three-year deferred sentence. Doc. No. 42-4. Approximately six months later, the State moved to accelerate the deferred sentence, alleging that Mr. Dutra possessed a firearm and a controlled dangerous substance in violation of the conditions of his deferred sentence. Doc. No. 42-5. Mr. Dutra stipulated to the conduct and was sentenced to a one year suspended sentence to run consecutively with a sentence in another case. Doc. No. 42-6, 42-7, 42-8.

Mr. Dutra was arraigned on the federal charge on August 24, 2023. He entered a plea of not guilty and attorney Laura S. Neal was appointed to represent him. Doc. Nos. 7, 8. Subsequently, on September 27, 2023, Mr. Dutra, with the assistance of his counsel, entered a plea of guilty pursuant to a plea agreement. The plea agreement [Doc. No. 18] provides that in exchange for pleading guilty the government will not further prosecute Mr. Dutra for any crimes related to his possession of a firearm on April 20, 2022 or his possession of ammunition on November 3, 2019.[2] At the change of plea hearing, the government, Ms. Neal, and Mr. Dutra all affirmed that the basis of the plea agreement was the government's promise not to pursue charges for additional conduct. *See* Plea Hr'g Tr. [Doc. No. 42-1] at 8:10-9:17. Mr. Dutra also indicated that he was satisfied with the

---

[2] As explained in the government's response brief, the government was investigating a shooting that occurred on November 3, 2019 in which Mr. Dutra had been charged with discharging a firearm into a dwelling in Jackson County District Court. *See State of Oklahoma v. Dutra*, CF-19-246 (Jackson Co.). The case was dismissed on August 31, 2020 because the victim was unavailable.

2

services of his attorney and that he had discussed the plea agreement with his attorney. *Id.* at 9:21-10:1; Petition to Enter Plea of Guilty [Doc. No. 17].

Approximately four months later, Ms. Neal filed a Motion to Withdraw and Defendant filed a pro se Motion to Dismiss Counsel and Withdraw Guilty Plea. Doc. Nos. 22, 24. Defendant's motion asserted that Ms. Neal provided ineffective assistance of counsel by allegedly failing to fully investigate, consider, and litigate whether he knowingly and voluntarily entered a guilty plea to the underlying misdemeanor charge for domestic violence. At a hearing on February 9, 2024, the Court granted Ms. Neal's request to withdraw, appointed new counsel, and denied Defendant's pro se motion without prejudice. Doc. Nos. 27, 28.

Mr. Dutra's new attorney, Michael Noland, then filed a second Motion to Withdraw Plea of Guilty [Doc. No. 33] re-urging the argument that the guilty plea to the misdemeanor charge was not knowing and voluntary. The motion was denied [Doc. No. 43] and the case proceeded to sentencing.

At sentencing, Mr. Noland made several objections to the Presentence Report [Doc. No. 46], including an objection to the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possession of a firearm in connection with another felony offense. *See* Sentencing Tr. [Doc. No 69] at 3:11-21. Mr. Noland also filed a sentencing memorandum [Doc. No. 53] and requested a downward variance. Following the sentencing hearing, Mr. Dutra was sentenced to a 60-month term of imprisonment. Doc. No. 56. Mr. Dutra promptly filed an appeal [Doc. No. 58], which was dismissed after the government

moved to enforce the appeal waiver contained in the plea agreement. *United States v. Dutra*, No. 24-6135, 2024 WL 4509211, at *1 (10th Cir. Oct. 17, 2024).

Mr. Dutra's pro se motion to vacate under § 2255 followed. In his motion, Mr. Dutra contends that he received ineffective assistance of counsel in violation of the Sixth Amendment in four ways: (1) counsel failed to investigate the underlying misdemeanor and advise him that the § 922(g)(9) charge required the prosecution to prove that he had a particular relationship with the victim; (2) counsel failed to file a pre-trial motion challenging the constitutionality of § 922(g)(9) under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022); (3) counsel failed to cite authority to support the objection to the four-level enhancement at sentencing; and (4) counsel failed to investigate and present an alleged defense available to him under 18 U.S.C. § 921(a)(33)(B).

## STANDARD

Under 28 U.S.C. § 2255, a prisoner in federal custody may challenge his sentence on the basis that "the sentence was imposed in violation of the Constitution or laws of the United States...or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant is entitled to an evidentiary hearing on his claim, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id*. at § 2255(b). When ineffective assistance of counsel is the basis of a § 2255 claim, the defendant must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under this test, a defendant must show both that his "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Id*.

A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney. *Id*. at 687–88. In evaluating counsel's performance, courts should make "every effort…to eliminate the distorting effects of hindsight" and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689.

To establish the second prong, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*. The likelihood of a different result "must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011). In the context of a guilty plea, prejudice requires showing that "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Importantly, this involves an objective component: "proof of prejudice requires a petitioner to show that 'a decision to reject the plea bargain would have been *rational* under the circumstances.'" *Heard v. Addison*, 728 F.3d 1170, 1184 (10th Cir. 2013) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)) (emphasis in *Padilla*). Further, in the absence of other evidence, courts should "remain suspicious of bald, post hoc and unsupported statements that a defendant would have changed his plea absent counsel's errors." *Id.* at 1184.

If a defendant cannot show either "deficient performance" or "sufficient prejudice," his claim of ineffective assistance fails. *Strickland*, 466 U.S. at 700.

## DISCUSSION

**I.     Ground One**

In his first ground for relief, Mr. Dutra contends that his counsel provided ineffective assistance by failing to inform him that the prosecution was required to prove that he had a particular kind of relationship with the victim of the underlying misdemeanor in order to obtain a conviction for 18 U.S.C. § 922(g)(9), failing to investigate the nature of the relationship, failing to inform him that he had a viable defense, and for ultimately advising him to plead guilty "to a charge he did not commit and could have successfully defend [sic] at trial." In support of these arguments, Mr. Dutra has included a letter from the victim involved in the misdemeanor conviction stating that she was not living with or in a committed relationship with Mr. Dutra at the time of the incident and the incident was "purely an accident."

Mr. Dutra entered a guilty plea to violating 18 U.S.C. § 922(g)(9). This statute makes it unlawful for any person "who has been convicted in any court of a misdemeanor crime of domestic violence" to possess a firearm. Section 921(a)(33)(A)(ii)[3] defines "crime of domestic violence" as an offense that

---

[3] The category "a person who has a current or recent former dating relationship with the victim" was added to the categories of persons included in § 921(a)(33)(A)(ii) in 2022, after Mr. Dutra was convicted of the misdemeanor offense. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12005, 136 Stat. 1313, 1332 (2022). The legislation containing this change provides that the amendments to § 921(a) "shall not apply to any conviction of a misdemeanor crime of domestic violence entered before the date of enactment of this Act." *Id.*; *see also United States v. DeFrance*, 124 F.4th 814, 816 n. 3. (9th Cir. 2024); *United States v. Hudgins*, No. CR-24-203-RAW, 2025 WL 845890, at *1 n.1 (E.D. Okla. Mar. 18, 2025). The parties do not address these changes, and Mr. Dutra does not specifically contend they are relevant to his motion. The Court does not

> has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, by a person similarly situated to a spouse, parent, or guardian of the victim, or by a person who has a current or recent former dating relationship with the victim.

The Tenth Circuit has interpreted these statutes as requiring "the domestic relationship element to be charged and proven as an element of a § 922(g)(9) violation, not as an element of the underlying misdemeanor." *United States v. Liapis*, 216 F. App'x 776, 781 (10th Cir. 2007); *see also United States v. Hayes,* 555 U.S. 415, 426 (2009) ("To obtain a conviction in a § 922(g)(9) prosecution, the Government must prove beyond a reasonable doubt that the victim of the predicate offense was the defendant's current or former spouse or was related to the defendant in another specified way. But that relationship, while it must be established, need not be denominated an element of the predicate offense."). Notably, several circuit courts have found that "abuse perpetrated on a live-in girlfriend is domestic abuse committed 'by a person similarly situated to a spouse' for purposes of sections 922(g)(9) and 921(a)(33)(A)(ii)." *Buster v. United States*, 447 F.3d 1130, 1133 (8th Cir. 2006); *United States v. Shelton,* 325 F.3d 553, 563 (5th Cir. 2003) (finding defendant's admission that the victim was his live-in girlfriend of two months was "sufficient evidence to prove the victim was similarly situated to a spouse in the context of this statute"); *United States v. Denis*, 297 F.3d 25, 31 (1st Cir. 2002) (assuming defendant's "live-in girlfriend" was similarly situated to a spouse for purposes of statute).

---

find these changes material to the disposition of Mr. Dutra's claim given the information indicating that the relationship meets the "similarly situated to a spouse" category.

7

Mr. Dutra's argument appears to be that his counsel performed deficiently by not investigating Mr. Dutra's relationship with the victim of the misdemeanor and then failing to advise him that it was not a qualifying relationship under § 922(g)(9). The predicate misdemeanor involves a violation of Okla. Stat. tit. 21, § 644(C) which, unlike a simple assault violation, requires a domestic relationship between the offender and the victim (albeit one that is not co-extensive with the definition contained in § 921(a)(33)(A)(ii)). The Information for the misdemeanor charged Mr. Dutra with striking his "girlfriend" with an object and lists Mr. Dutra and the victim as having the same address. *See* Doc. No. 94-2. Further, approximately eight months after the entry of final judgment for the misdemeanor, the victim sought a protective order against Mr. Dutra where she stated (under penalty of perjury) that they were living in the same household and were in a previous dating relationship. Doc. No. 94-3. Given this information, which all points to the conclusion that the victim was Mr. Dutra's live-in girlfriend, counsel's "belief that section 922(g)(9) applied…, even if a mistaken belief, was not ineffective assistance." *Buster*, 447 F.3d 1130, 1132 (8th Cir. 2006).

The post-hoc, unsworn letter from the victim asserting that they were not living together or in a committed relationship at the time of the misdemeanor offense does not change this conclusion. "A fair assessment of attorney performance requires" the Court "to evaluate the conduct from counsel's perspective at the time" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Defense counsel has averred (and Mr. Dutra has not specifically disputed) that, prior to his guilty plea, she spoke to Mr. Dutra about his

8

relationship with the victim. *See* Doc. No. 94-1 ¶ 7. She further stated that after reviewing discovery and speaking with Mr. Dutra, she was "satisfied that the requisite relationship existed." *Id.* "[W]hen the facts that support a certain potential line of defense are generally known to counsel because of what the defendant has said, the need for further investigation may be considerably diminished or eliminated altogether." *Strickland*, 466 U.S. at 691. Even if counsel did not speak to the victim, counsel's conversation with Mr. Dutra, as well as her review of discovery, provided a sufficient basis to reasonably determine that Mr. Dutra's relationship with the victim satisfied the requirements of § 922(g)(9) and to make the strategic choice not to investigate this line of defense further.

Under these circumstances, Mr. Dutra has not met his burden of showing that counsel's investigation, advise to plead guilty, or belief that § 922(g)(9) applied fell outside the "wide range of reasonable professional assistance" and he has therefore failed to show deficient performance. *Strickland*, 466 U.S. at 689.

**II.    Ground 2**

In his second ground for relief, Mr. Dutra contends that his counsel provided ineffective assistance by failing to assert a Second Amendment challenge to the constitutionality 18 U.S.C. § 922(g)(9) based on *N.Y. State Rifle & Pistol Assn. v. Bruen*, 142 S.Ct. 2111 (2022), and its progeny. In her affidavit, defense counsel asserts that she was in the process of preparing a motion to dismiss based on *Bruen* but made a strategic decision (after discussion with Mr. Dutra) not to file the motion and to accept the plea agreement in exchange for the government not pursuing additional charges for separate

conduct. Doc. No. 94-1 ¶ 8-9. Generally, an attorney's "strategic choices must be respected…if they are based on professional judgment." *Strickland*, 466 U.S. at 681.

But even if the decision to forego filing a motion to dismiss was a not a well-informed strategic choice, Mr. Dutra cannot meet his burden of showing either deficient performance or prejudice. The Tenth Circuit has rejected a similar challenge to the constitutionally of § 922(g)(9), *see United States v. Jackson*, No. 23-6047, 2025 WL 1509987, at *6 (10th Cir. May 28, 2025), and the alleged defense is therefore meritless. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (recognizing that a defendant is typically not prejudiced when his attorney fails to advise him of a defense that would not succeed at trial); *Sperry v. McKune*, 445 F.3d 1268, 1275 (10th Cir. 2006) (explaining that trial counsel was not ineffective for failing to raise a meritless argument).

### III.     Ground 3

In this third ground for relief, Mr. Dutra contends that his counsel provided ineffective assistance by failing to cite authority in support of an objection to the presentence report. The presentence report assessed a four point enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B) because Mr. Dutra possessed a firearm in connection with another felony offense, namely possession of a controlled substance after a prior conviction under 21 U.S.C. § 844(a). *See* Doc. No. 46 ¶ 22. Defense counsel lodged an objection to the enhancement and argued that Mr. Dutra's prior conviction for misdemeanor possession of marijuana should not be used as predicate offense under 21 U.S.C. § 844. The Court considered the argument but found it unpersuasive and overruled the objection. *See* Doc. No. 3:11-21. Although Mr. Dutra complains that his counsel did not cite to 21 U.S.C.

§ 844(c) in making the objection, he fails to develop an argument explaining why this rendered his counsel's performance outside the wide range of reasonable professional conduct or how it would have changed the results of the proceeding.

Defense counsel zealously advocated for Mr. Dutra at sentencing and raised an objection to the enhancement. Mr. Dutra has failed to show that defense counsel's performance in this regard was deficient or that he suffered prejudice from the alleged error.

## IV.    Ground Four

In his final ground for relief. Mr. Dutra asserts that his counsel provided ineffective assistance by failing to investigate his misdemeanor offense and present a defense under 18 U.S.C. § 921(a)(33)(B). This statute provides, in relevant part, that a person shall not be considered to have been convicted of misdemeanor crime of domestic violence unless "the person knowingly and intelligently waived the right to have the case tried by a jury, by guilty plea or otherwise." Mr. Dutra previously raised this argument in attempting to withdraw his guilty plea and the Court rejected it. The Court again concludes that defense counsel did not perform deficiently for failing to assert this alleged defense because it is meritless.

After initially entering a plea of not guilty to the state misdemeanor charge, Mr. Dutra (who was represented by counsel) executed a document titled "Plea of Guilty Summary of Facts (Short Form)." Doc. No. 42-4. The document indicates that Mr. Dutra was "advised of the right to a trial by jury" and that he "waives trial by jury." *Id*. The document then states that Mr. Dutra "enters a plea of guilty" and "waives the right to delay

in sentencing." *Id*. The document then sets out the three-year deferred sentence and is signed by the district court judge, the prosecutor, Mr. Dutra, and Mr. Dutra counsel. *Id*. Immediately above Mr. Dutra signature, the document states "I acknowledge understanding my rights and the sentence imposed." *Id*. Approximately six months later, the State filed an application to accelerate the deferred sentence, alleging that Mr. Dutra criminally possessed a firearm and a controlled dangerous substance. Doc. No. 42-5. A court minute dated December 2, 2015 indicates that Mr. Dutra (with counsel) appeared before the district court in response to the application, stipulated to the conduct, waived a hearing and "all rights" and, by agreement of the parties, was sentenced to a one year suspended sentence to run consecutively to a sentence in another case. Doc. No. 42-6.

The state court records related to the misdemeanor show that Mr. Dutra was represented by counsel throughout the proceedings, was advised of his right to a jury trial, and elected to waive that right. *See* Doc. Nos. 42-4, 42-5, 42-6, 43. Mr. Dutra has not shown that he did not "knowingly and intelligently" waive his right to a jury trial when he entered a guilty plea to the misdemeanor charge such that he might fall within the ambit of 18 U.S.C. § 921(a)(33)(B) and defense counsel's failure to assert this meritless defense is not constitutionally ineffective assistance.

**V. Waiver**

In addition to disputing Mr. Dutra's assertion that he received ineffective assistance of counsel, the government contends that his arguments are barred by a provision of the plea agreement that waives the right to collaterally challenge the conviction and sentence, "except with respect to claims of ineffective assistance of counsel." Doc. No. 18 at 10.

Although the government concedes that Mr. Dutra has styled his arguments as ineffective assistance of counsel claims, it contends that they are, in substance, collateral challenges to the factual basis for his conviction that are barred by the plea agreement.

A knowing and voluntary waiver of § 2255 rights in a plea agreement is generally enforceable against a defendant. *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir.2001). However, "[a] waiver of the defendant's appellate rights will be upheld only if (1) the issue before us falls within the scope of the waiver, (2) the defendant knowingly and voluntarily waived his appellate rights, and (3) enforcing the waiver will not result in a miscarriage of justice." *United States v. Barger*, 784 F. App'x 605, 607 (10th Cir. 2019). In assessing a waiver's scope, "the text of the plea agreement is [the court's] guide." *United States v. Anderson*, 374 F.3d 955, 957 (10th Cir.2004).

Mr. Dutra has asserted four claims of ineffective assistance of counsel. Liberally construed, Mr. Dutra's arguments are premised on defense counsel's failure to appropriately advise him regarding the applicability of certain defenses or the statutory requirements for sustaining a § 922(g)(9) violation. Because Mr. Dutra's "plea agreement excluded claims of ineffective counsel from his waiver and his § 2255 motion concerns…claims of ineffective counsel, the motion falls outside the waiver." *Barger*, 784 F. App'x 605, 607. The Court therefore declines to apply the waiver in this instance.

## CONCLUSION

For the reasons set forth above, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. No. 79] is DENIED. Because the record

conclusively shows that the prisoner is entitled to no relief, an evidentiary hearing is not warranted.

Defendant requests the appointment of counsel to assist in his pursuit for relief pursuant to 28 U.S.C. § 2255. A habeas petitioner has no right to appointment of counsel but the Court may appoint counsel if the interests of justice require the provision of representation. 18 U.S.C. § 3006A(a)(2)(B); *see also* Rule 6(a) and 8(c) of the Rules Governing Section 2255 Cases. Upon consideration of the appropriate factors, the Court finds that Defendant is capable of presenting his habeas petition and other circumstances do not warrant the appointment of counsel. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991); *Johnson v. Avery*, 393 U.S. 483, 487 (1969).

Finally, pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant for habeas relief. A certificate of appealability may issue only if the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the district court rejects the claim on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds this standard is not met in this case and a COA is therefore denied.

IT IS SO ORDERED this 23rd day of June, 2025.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE